

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,843

**EX PARTE JAMES DOUGLAS HARRIS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 10960-A-1 IN THE 77TH JUDICIAL DISTRICT COURT FROM LIMESTONE COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated perjury and sentenced to thirty-four years' imprisonment.

Applicant contends that he was denied the right to appeal this conviction, because counsel failed to timely file a notice of appeal. The trial court has not entered findings of fact and conclusions of law, but the habeas records reflects that Applicant's direct appeal was dismissed for want of jurisdiction, because the notice of appeal was not filed within 90 days after the date sentence

was imposed in open court.  The appellate opinion indicates that counsel filed an *Anders* brief in which counsel conceded that the notice of appeal was untimely.  *Harris v. State*, No. 10-06-00384-CR (Tex. App. - Waco, November 14, 2007, no pet).  We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 10960-A-1 from the 77th Judicial District Court of Limestone County.  Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal.  All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues.  We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.


Delivered: February 13, 2008
Do Not Publish